IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                             CRIMINAL CASE NO.: 1:23-CR-53-SA

JEFFREY WAYNE COOPER                                                          DEFENDANT

<u>ORDER</u>

Now before the Court is Jeffrey Wayne Cooper's pro se Motion [37], wherein he requests early termination of his supervised release.

On April 18, 2023, Cooper was indicted for knowing possession of a machinegun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). He pled guilty. On January 30, 2024, the Court sentenced Cooper to time-served (275 days), which constituted a downward variance from his guideline range of 18 to 24 months. The Court also imposed a three-year term of supervised release. As a special condition of supervision, the Court ordered Cooper to reside in a residential reentry center ("RRC") for a period of six months. Cooper's supervision commenced in February 2024 and is set to expire in February 2027. As noted previously, through his present filing, he requests early termination.

Under the applicable statute, "the court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The Administrative Office of United States Courts has provided certain criteria to be considered in determining whether to grant early termination of supervised release, such as stable community reintegration,

no history of violence, and no recent arrests, among others. Notably, the Fifth Circuit has held that the statute "confers broad discretion." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

Utilizing its broad discretion, the Court finds that early termination is not warranted here. Although Cooper has not been revoked, the Court notes that he did not successfully complete his term at the RRC as he was discharged from the facility for possession of alcohol. He also failed to attend a scheduled therapy session in July 2024.

Since that time, Cooper has seemingly done well on supervision. The United States Probation Service has advised the Court that Cooper has been compliant with the terms of his supervision. But that alone is insufficient to justify early termination. And Cooper's Motion [37] provides no real justification as to why Cooper's supervision should be terminated. The Court sees no basis to modify the previously-imposed term of supervision. Rather, the Court finds that Cooper should fulfill the obligations that the Court imposed on him at sentencing, particularly considering that he has already received a substantial benefit from this Court by receiving a downward variance.

Although the Court commends Cooper for the progress he has made, early termination is not appropriate. The Motion [37] is DENIED.[1]

SO ORDERED, this the 24th day of April, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The separate Motion [38], which is identical, is DENIED for the same reasons.